NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1902

_____

JOSEPH LOKUTA, III, individually and d/b/a Lokuta's Garage Corporation,
                                                                          Appellant

v.

LENA ANGELELLA, Chief of Police, Pittston Township Police Department;
DAVID SLEZAK, Chairman of the Board of Supervisors of Pittston Township;
JOSEPH HAWK, Vice Chairman of the Board of Supervisors of Pittston Township;
STEPHEN RINALDI, Member of the Board of Supervisors of Pittston Township;
JOHN BONITA, Administrator of Pittston Township

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cv-01617)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 13, 2024

Before: BIBAS, CHUNG, and ROTH, *Circuit Judges*

(Filed: December 20, 2024)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Joseph Lokuta's company tows, impounds, and stores cars in Pittston Township, Pennsylvania. Since 2019, Pittston has not called Lokuta's Garage for those needs. So Lokuta sued Pittston's officials under 42 U.S.C. § 1983 for violating his procedural- and substantive-due-process rights and the Commerce Clause. The District Court dismissed for failure to state a claim. Lokuta appeals only the dismissal of the two due-process claims. We review de novo. *Vorchheimer v. Phila. Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018).

Lokuta does not allege that Pittston infringed a protected property or liberty interest. He shows no violated property interest because he identifies no statute, regulation, or contract that gives him a protected right to have Pittston choose his services. *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–59 (3d Cir. 1994). Lokuta stresses that Pennsylvania licensed and approved his garage to inspect cars. Though those licensures may be property interests, Pittston has not taken them. Rather, it has simply declined to use his services. And he does not identify a protected liberty interest because the loss of a single customer does not "deprive [him] of the right to pursue [his] chosen occupation." *Id.* at 1259. So he has not identified either a pertinent procedural- or substantive-due-process right.

Alternatively, Lokuta says he should at least get to amend his complaint. The District Court denied leave to amend as futile. In a supplemental-briefing notice, we asked him to explain what else he would plead if given the chance to amend. He did not respond. Because letting him amend would be futile, we will affirm the District Court's order dismissing this case.

2